09-0236-ag
Chen v. Holder

BIA
Lamb, IJ
A079 399 694

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT:
       JOSEPH M. McLAUGHLIN,
       JOSÉ A. CABRANES,
       RICHARD C. WESLEY,
              *Circuit Judges*.

_____

QUAN LUO CHEN, a.k.a. CHUAN LUO CHEN,
              *Petitioner*,

              v.                                09-0236-ag
                                                NAC
ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
              *Respondent*.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Acting Attorney General Mark R. Filip as respondent in this case.

**FOR PETITIONER:** Feng Li, Law Office of Fengling Liu New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Lindsay B. Glauner, Trial Attorney, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Quan Luo Chen, a native and citizen of the People's Republic of China, seeks review of a December 19, 2008 order of the BIA, affirming the April 24, 2007 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, who denied Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Quan Luo Chen,* No. A079 399 694 (B.I.A. Dec. 19, 2008), *aff'g* No. A079 399 694 (Immig. Ct. N.Y. City Apr. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established.

2

*See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126-27 (2d Cir. 2007); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110-11 (2d Cir. 2008).

Here, substantial evidence supports the IJ's adverse credibility determination, which was based on: (1) Chen's inconsistent testimony as to whether he had proof of his wife's abortion; (2) Chen's evasive demeanor; (3) a response from Chinese officials stating that Chen's wife's abortion certificate is fraudulent; and (4) Chen's failure to submit any evidence rebutting that response. Because Chen does not challenge the IJ's reliance upon his demeanor and his failure to provide rebuttal evidence, those findings stand as valid bases for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008). Although Chen asserts that his being upset and nervous explained his inconsistent testimony, no reasonable factfinder would have been compelled to credit that explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir. 2005); *see also Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 397 n.6, 399 n.8 (2d Cir. 2005). Finally, we have found that a response from the alleged persecuting government "may be of limited probative value" because the

3

government may have "ulterior motive[s]." *See Zhen Nan Lin v. Dep't of Justice*, 459 F.3d 255, 266 (2d Cir. 2006). However, given the other discrepancies in the record, the IJ was entitled to give weight to the Chinese government's statement that the abortion certificate is fraudulent, particularly because Chen failed to provide rebuttal evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Because substantial evidence supports the IJ's adverse credibility determination, *see Dong Gao*, 482 F.3d at 126, Chen's claims for asylum, withholding of removal, and CAT relief each fail because the only evidence that he was likely to be persecuted or tortured depended upon his credibility.[2] *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

---

[2] We reject the government's argument that Chen waived any challenge to the agency's denial of CAT relief. In his brief, Chen notes that the IJ denied CAT relief based on her adverse credibility determination, and challenged that determination.

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the temporary stay of removal that the Court previously granted in this petition is VACATED.  To the extent petitioner requests a further stay, that request is denied as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____